UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
———

IN RE:

R. J. SCHAEFER AND
MARNA J. SCHAEFER,

      Debtors.                                          No. 11-91-14134-RA

UNITED STATES TRUSTEE'S OFFICE,

      Appellant,

vs.                                                                   No. CIV 98-0359 SC/JHG

R. J. SCHAEFER REALTY and
INVESTMENTS, INC. , et al.,

      Appellees.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

      The United States Trustee appeals to this Court from an Order Denying Motion to Reconsider entered by the Bankruptcy Court on March 10, 1998, based on the underlying Order Dismissing Adversary Proceeding of August 29, 1997, which found the United States Trustee lacked standing to maintain the adversary proceeding. Having reviewed the submissions of the parties and the relevant law, this Court exercises jurisdiction pursuant to 28 U.S.C. § 158 and recommends the Bankruptcy Court be REVERSED.

**I. Facts and Procedural Background**

      On December 3, 1991, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtors received their discharge on July 28, 1992. Between 1987 and 1989, R. J. Schaefer formed approximately 30 general partnerships, limited partnerships, and joint ventures

in which he served as either general or managing partner. The partnerships bought various parcels of real property, some of which were developed, but most of which remained vacant.

Subsequent to the discharge, 25 limited partners of Route 66 Investors Limited Partnership filed a complaint in state district court alleging violation of state securities law, common law fraud, and negligent misrepresentation. In early 1995, the state court case was settled pursuant to a confidential agreement. On March 15, 1995, documents were filed in the bankruptcy case which transferred the claims of each of the 25 limited partners to the R. J. Schaefer Pension Trust (Schaefer Trust). The debtor, R. J. Schaefer, is the trustee of the Schaefer Trust.

On June 4, 1996, the case trustee filed his Trustee's Final Report, Account and Application for Discharge (TFR). The TFR showed gross receipts of $97,615.93, with a proposed dividend to unsecured creditors in the amount of $54,967.45. According to the TFR, the Schaefer Trust was to receive approximately 55% of the funds to be distributed to the unsecured creditors.

On June 4, 1996, the United States Trustee filed an objection to the TFR on the ground that the Schaefer Trust's claims should be subordinated to the claims of the general, unsecured creditors pursuant to 11 U.S.C. §510. On June 5, 1996, the United States Trustee filed his Complaint for Subordination Under 11 U.S.C. §510. As its first cause of action, the complaint alleged the Schaefer Trust claims should be subordinated to the general unsecured claims pursuant to 11 U.S.C. §501(b) because they arose from the rescission of an agreement to purchase securities from the debtor. For its second cause of action, the complaint alleged the Schaefer Trust claims should be equitably subordinated to the general unsecured claims pursuant to 11 U.S.C. §510(c), because it would be unfair to allow the debtor's trust to recover on a claim against himself, at the expense of other unsecured creditors.

At a hearing on August 15, 1997, the Bankruptcy Court *sua sponte* raised the issue of standing and directed debtor's counsel submit an order dismissing the adversary proceeding. The Bankruptcy Court entered its Order Dismissing Adversary Proceeding on August 29, 1997. The order stated "[the United States Trustee's Office lacks standing to bring this adversary proceeding."[1]

On September 8, 1997, the United States Trustee filed a motion to reconsider. On December 3, 1991, the Bankruptcy Court held a hearing at which it denied the motion to reconsider. The Bankruptcy Court entered its Order Denying Motion to Reconsider on March 10, 1998. From this Order, the United States Trustee appeals.

**II. Standard of Review**

When reviewing a decision of the Bankruptcy Court, this Court functions as an appellate court and is authorized to affirm, reverse or modify the Bankruptcy Court's ruling or remand the case for further proceedings. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir. 1988). This Court reviews legal determinations on a *de novo* basis and factual findings under a clearly erroneous standard. *In re Hedged Investments Associates, Inc.*, 48 F.3d 470, 472 (10th Cir. 1995).

**III. Discussion**

The United States Trustee contends the bankruptcy court erred in finding he did not have standing to file a complaint for subordination under 11 U.S.C. §510. Appellees counter the United States lacked standing to prosecute the adversary proceeding.

The language of Section 307 is plain and unambiguous. "The United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to Section 1121(c) of this title." 11 U.S.C. §307. The statute clearly provides the

---

[1] Record on Appeal, vol. I, No. 22 at 2.

United States Trustee may appear on any issue in any case or proceeding. Under these circumstances, "courts must presume that a legislature says in a statute what it means and means in a statute what it says." *Connecticut National Bank v. Germain*, 503 U.S. 249, 253, 112 S.Ct 1146, 1149 (1992). The plain meaning of Section 307 establishes the United States Trustee has standing to bring a complaint to subordinate the claims transferred to the Schaefer Trust.

While it is true the issue of the United States Trustee's standing has not yet been addressed by the Tenth Circuit, other Circuits have endorsed the United States Trustee's standing to participate in a broad range of matters. Although the other Circuits have not addressed the precise issue of whether the standing of the United States Trustee extends to maintaining an adversary proceeding for subordination on behalf of unsecured creditors under 11 U.S.C. §510, the weight of judicial authority clearly supports the proposition.

The Sixth Circuit reasoned the United States Trustee's standing to appeal the bankruptcy court's decision not to appoint an examiner pursuant to 11 U.S.C. §1104(b)(2) derived from his statutory responsibility to represent and protect the public. *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499-500 (6th Cir. 1990). Similarly, the First Circuit determined the United States Trustee had standing to appeal the district court's appointment of a case trustee. *In re Plaza de Diego Shopping Center, Inc.* 911 F.2d 820, 824 (1st Cir. 1990). Again, the court found the United States Trustee's standing arose from his statutory duty to protect the public. *Id.* at 824.

The Third Circuit has likewise held the United States Trustee maintained standing to contest the debtors' investment guidelines for investing bankruptcy estate funds and object to the appointment of a non-"disinterested" financial advisor for the bankruptcy estate. *U.S. Trustee v.*

*Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 299 (3rd Cir. 1994)(investment guidelines);*United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994)(financial advisor). The Fourth Circuit analogized the standing of the United States Trustee to that of the Securities Exchange Commission whose standing to enforce laws in the public interest was long ago upheld by the Supreme Court. *In re Clark,* 927 F.2d 793, 795-96 (4th Cir. 1991)(*citing SEC v. United States Realty & Improvement Co.,* 310 U.S. 434, 60 S.Ct. 1044 (1940)). In *Clark,* the Fourth Circuit found the United States Trustee had standing to appeal the denial of a motion to dismiss a chapter 7 case for substantial abuse. *Id.* at 796.

The plain meaning of Section 307, along with the weight of judicial authorities, establish the United States Trustee has standing to bring a complaint for subordination on behalf of unsecured creditors under 11 U.S.C. §510. Therefore, the Bankruptcy Court erred in concluding the United States Trustee did not have standing to file a complaint for subordination under 11 U.S.C. §510.

## RECOMMENDED DISPOSITION

The Bankruptcy Court's Order Denying Motion to Reconsider its Order Dismissing Adversary Proceedings should be reversed.

JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.